CHARLES L. POTTER AND JOHN GRANT v. CHARLES G. MORAN.

*Negligence—Racing in city streets—Endangers all others driving along highway—Personal safety—Rules imposed by law to secure should be carefully enforced—Forbidden perils should not be encouraged—Or allowed to do mischief without responsibility to wrong-doer.*

1. In this case, on a review of the testimony, the plaintiff Potter was held not guilty of negligence.

2. The object of forbidding *fast* driving in city streets is to prevent the danger of collisions, which are very likely to occur on thoroughfares.

Two persons racing make a plain and serious *danger* to every other person driving along said highway, and one which it is often impossible to avoid.

3. The rules imposed by law in favor of personal safety to avoid dangerous casualties ought to be carefully enforced. City streets have perils enough to passengers when rightly used, and forbidden perils should not be encouraged, or allowed to do mischief without responsibility in the wrong-doers.

Error to Wayne. (Chambers, J.) Argued April 13, 1886. Decided April 22, 1886.

Trespass. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Conely, Maybury & Lucking*, for appellants.

*Atkinson & Atkinson*, for defendant.

CAMPBELL, C. J. Plaintiffs sued defendant for injuring their horse by running into him with a cutter about the end of January, 1885. The horse was drawing a small box-sleigh on bobs, going at a walk down Clifford street, which is one of the side streets in Detroit, paved about 28 feet. The sleigh was driven by young Mr. Potter, accompanied by Mr. McKenzie, and was just passing a double wood-sleigh going with a load in the opposite direction, when one Ellair and defendant drove up behind Potter at a swift gait, and Ellair drove his cutter between Potter and the wood-sleigh. Potter, just as Ellair came up behind him, turned his head to the left, and, seeing Ellair, turned his horse's head a little to the right, when defendant undertook to drive by on the right side, and struck plaintiff's horse in the fore-leg, near the shoulder, and disabled him, so that his cure was slow and not complete. The force of the blow threw defendant's cutter over, so that it ran some distance on the right runner, and then upset.

The transaction appears to have taken place soon after the police had stopped the racing on Cass street, which is allowed by ordinance to continue from 2 till 5 in the afternoon, in

one direction only. Defendant and Ellair had been racing on Cass street, and came down Clifford street. They were still racing at a speed which defendant claims was not over 10 miles an hour, but which the other witnesses fix at about double that rate, and the consequences indicate that the speed was considerable. Driving beyond six miles an hour is forbidden, except on the Cass avenue race-course. There was no testimony on either side tending to show that Potter saw defendant, or had any reason to suppose any care was necessary to avoid him, and it is clear from the proofs that he had reason to fear a collision with Ellair. The whole took place in the fraction of a minute, and the passage of the two cutters was practically simultaneous.

The court below gave what appear to have been the charges asked by defendant, and refused all those asked by plaintiffs, and the jury found for defendant. All of these charges were based upon the theory of Potter's negligence as one of the facts open to the jury, and a somewhat liberal view was taken of defendant's rights in attempting to pass him.

There was no testimony which in any way tended to show negligence in Potter, and the jury should have been so instructed. He was driving quietly along the portion of the street he was bound to occupy in passing a coming team, and it was no more than common prudence to turn out even more than he did to avoid a fast horse rushing by so near him on the left. If he had seen both cutters bearing down on him from behind, he could not be held negligent in taking any step instinctively which he had no time to consider; but seeing only the danger on the one side, it would be the most natural thing in the world to seek to avoid it.

But, in our opinion, a wrong view was taken of the whole transaction, the charge leaning very far in favor of defendant. No notice is taken of the illegality of fast driving and of racing in that place, and the jury were told that Moran was not liable for Ellair's wrong. The object of forbidding fast driving in city streets is to prevent the danger of collisions, which are very likely to occur on thoroughfares. Two

persons racing make a plain and serious danger to every other person driving along the said highway, and one which it is often impossible to avoid. It is itself an act of such negligence as to make the racing parties responsible for a collision caused by it. In our opinion, Ellair and Moran had no right to subject Potter to the peril he was placed in, and acted at their own peril, unless he was plainly at fault himself, which he very clearly was not.

All of the requests of plaintiffs were proper, and should have been given. As they fall within the principles we have enumerated, we need not repeat them severally. The rules which are imposed by law in favor of personal safety to avoid dangerous casualties ought to be carefully enforced. City streets have perils enough to passengers when rightly used, and forbidden perils should not be encouraged, or allowed to do mischief without responsibility in the wrong-doers.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.