CECILIA CONNELLY ET AL., PLAINTIFFS IN ERROR, v. THE TRENTON PASSENGER RAILWAY COMPANY, CONSOLIDATED, DEFENDANTS IN ERROR.

1. The measure of duty for a pedestrian who crosses a public highway traversed by surface cars propelled by electricity is to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances. If other vehicles threaten his safety, or if his attention is distracted by the apparent imminence of danger from other sources, he must act with ordinary prudence with reference not to any one source of danger as paramount, but with reference to the group of circumstances that makes up the situation by which he is confronted.

2. How a prudent man would act in the face of concurrent and distracting dangers must, in the nature of things, be a question of fact for the

jury. The plaintiff offered testimony competent to prove that while in the act of crossing a public highway she encountered the apparent necessity of avoiding danger from one or more sources other than those to which she was exposed from the electric cars there operated. *Held*, that it was error not to submit to the jury the question whether under the circumstances she was guilty of contributory negligence.

In error to Supreme Court.

For the plaintiffs in error, *John H. Backes.*

For the defendants in error, *James Buchanan.*

The opinion of the court was delivered by

GARRISON, J. This is a suit for damages for personal injuries. The plaintiff was a pedestrian on Clinton street, in the city of Trenton. While in the act of crossing the tracks of the defendant company on that highway she was struck by one of its cars propelled by electricity. After the plaintiff and some of her witnesses had testified, the question was asked by the trial judge, " Is there any other testimony which will vary the testimony now in on this point? " which being answered in the negative, the court proceeded to dispose of the question of contributory negligence, using this language : " Then I will, for the purpose of this case, put on record that there is other testimony which the plaintiffs are prepared to offer in corroboration of what has already been given in reference to the accident, and also testimony in reference to the damages, and then I will hear counsel for the defendant on a motion for a nonsuit on the ground of contributory negligence, and hear what both sides have to say."

Counsel for the plaintiffs then said : " I omitted to prove the approximate loss of time in stops. I want to prove fifteen minutes' loss of time in order to bring it down to thirty-nine minutes, to justify the forty-eight seconds on the map. Fifteen minutes is used up in taking on and leaving off passengers."

To which the court replied : " I will hear the motion to nonsuit on the ground of contributory negligence."

After argument the case was disposed of in these words : " I order a nonsuit on the ground that it was the duty of the plaintiff, in the position she was on that track, to have looked to see if this motor car was coming. Having failed to do it, she is guilty of contributory negligence, and therefore cannot recover."

From this colloquy between court and counsel, as well as from the circumstance that the argument on the nonsuit was brought on before the plaintiff had closed her case, the only ground upon which the ruling can rest is that of the plaintiff's contributory negligence. Apart from the circumstances detailed, there was in the case as it stood competent testimony from which the negligence of the defendant might have been found by the jury. Thus, there was evidence that the car was running as fast as it could, with its warning gong not in working order. The fact that the motorman ran his car onto a person standing on the track in the situation in which the plaintiff testifies that she was, is also competent proof upon the question of ordinary care in the use of a public highway. I shall assume that the only question in the case is whether the plaintiff was, upon her own showing, guilty of contributory negligence.

The facts actually or inferentially before the court were these : The plaintiff, a middle-aged woman, carrying a number of bundles, started to cross Clinton street in the daytime, at a public crossing nearly opposite to the point at which Jefferson street opens into it. To the left the view of the street was open to her as far as Perry street, around the corner of which afterwards came the car that struck her. Before starting to cross she looked in both directions, and could see to the left as far as this turn in the railway. No car was in sight. To the right she saw a heavy wagon coming from the bridge a hundred feet off. She started to cross ahead of this team, when a light wagon driven from the opposite direction crossed Clinton street in front of her, coming so close before

she realized it that she was stopped by it. At this juncture the progress of the light wagon was arrested by the approach of the heavier vehicle, so that it stopped on the car track directly in front of her. The heavy wagon did not stop, but continued on toward her, making a racket that distracted her attention, and at such a rate of speed that she believed it would run over her. The light wagon then passed on toward the right, from which direction the heavy wagon was coming. The plaintiff now attempted to cross in advance of the heavy team, whose racket was engaging her attention, without looking again to the left, where, had she looked, she would have seen the trolley car approaching which had come in sight since she first looked. This car was coming at a considerable rate of speed and the customary signal was not given because, for some reason, the gong would not work. Under these circumstances the plaintiff was non-suited because she failed to look to the left before attempting to cross the tracks of the defendant.

This disposition of the case placed upon the plaintiff a duty nearly if not exactly like that imposed on persons passing a highway where it is crossed at grade by a railroad operated by steam-power. The recent case of *Newark Passenger Railway Co.* v. *Block,* 26 *Vroom* 605, decided in this court, negatives such a proposition and gives in comprehensive form the reasons for the distinction. The correct rule deducible from that case, and from the general principles of law involved, is that the measure of duty for a pedestrian who crosses a public highway traversed by surface cars propelled by electricity is to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances. The circumstances thus adverted to include the presence of other vehicles, the direction and rate of speed at which they are being driven, their nearness to the foot passenger and the apparent imminence of danger from them, together with the distraction of attention reasonably attributable to their presence and behavior. To say that under all circumstances the legal duty of the traveler is to exercise the

fullest measure of care to look out for and avoid one species of vehicle alone, or chiefly, is to clothe that vehicle and others of its class with privileges not only greater in degree, but different in kind, from all others that may be lawfully using the surface of the public highway. Such privileges are, by virtue of legislative grant, possessed by railroads operated by steam, but have not been, so far as has been made to appear, extended to railways of the class to which the defendant belongs. Its car while running on the streets of a city is simply one vehicle more using the public highway. Whatever peculiarity it exhibits by virtue of its inability to deviate from its tracks, its customary rate of speed and the like, are circumstances that a prudent man would take into consideration in common with all others that were at the same time forced upon his attention. If other vehicles threaten his safety, or if his attention is engrossed or distracted by the apparent imminence of danger from other sources, he must act with ordinary prudence with reference not to any one source of danger as paramount, but with reference to the group of circumstances that makes up the situation by which he is confronted. How a prudent man would act in the face of concurrent and distracting dangers must, in the nature of things, be a question of fact to be passed upon by the jury, and not a question of law upon which the court may order a nonsuit or direct a verdict. When, therefore, the testimony is competent to prove that while in the act of crossing a public highway the plaintiff encountered the apparent necessity of avoiding danger from one or more sources other than those to which she was exposed by the electric cars there operated, the question whether, under all the circumstances, she acted as a prudent person would act, must be submitted to the jury.

In the case before us we think that the plaintiff's case exhibited such a situation; it was error, therefore, in the trial court to direct a nonsuit.

There must be a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, SMITH.   12.