CLYDE E. BENEDICT v. UNION AGRICULTURAL SOCIETY.

October Term, 1901.

Present: TAFT, C. J., ROWELL, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1902.

*Negligence—Bicycle racer—Contributory negligence—Pleading—Evidence—Questions for jury—Instructions.*

Upon the question whether a person riding in a bicycle race is guilty of contributory negligence in riding with his head and body lowered over the handle bars so that he can see but a short distance ahead, evidence that this is the usual mode of race riding, is admissible.

An objection to the testimony, on this question, of an expert to the effect that ordinarily for racing there is a special racing machine which brings the head down, based upon the ground that there was no evidence that the plaintiff was riding such a machine, is untenable where the expert also testifies that by assuming this position the rider gets a purchase on the handle bars which enables him to increase the speed of his machine.

The question whether a cyclist riding in a race in the position described, and endeavoring to avoid a collision with another rider who was crowding him toward the outside of the track, was guilty of contributory negligence, so as to preclude a recovery for injuries received in a collision with a sulky wrongfully standing on the track which he might have seen if he had been looking ahead, is for the jury.

The question of what duty, if any, the defendant owed the plaintiff in regard to furnishing a safe track, was for the court.

A request for an instruction that the defendant was not necessarily under a duty to keep the whole width of its track clear, but only so much thereof as was reasonably sufficient for the race, was sufficiently complied with since the court left it to the jury to say whether it was negligence on the part of the defendant to allow the sulky to be in the particular location on the track where the jury should find it was.

Assuming, but not deciding, that the declaration fails to state facts sufficient to show a legal duty resting on the defendant, it is *held*, that the allegation therein that it became the duty of the defendant to keep its track clear until the race was ended, required proof of those facts which it is claimed are not expressly stated, and that the declaration is aided by the verdict.

The allegation that "by reason and in consequence" of defendant's negligence the plaintiff was injured, impliedly negatives any other cause of the injury, and requires the plaintiff to show that his own negligence did not contribute thereto, and is good on motion in arrest.

CASE for personal injuries. Plea, the general issue. Trial by jury at the December Term, 1899, Windsor County, *Tyler,* J., presiding. Verdict and judgment thereon for the plaintiff. The defendant excepted.

*Tarbell & Whitham, William E. Johnson* and *Darling & Darling* for the defendant.

The testimony of the expert, McIntyre, was inadmissible. His statement as to the position to be assumed to get the greatest speed on a bicycle, was based upon a special racing machine. There was no evidence that the plaintiff rode such a machine. The materiality of this testimony depended upon a fact not in

proof.  *State* v. *Totten,* 72 Vt. 73; 61 Mich. 252; *Railroad Co.* v. *Baxter,* 32 Vt. 805.

A verdict should have been ordered for the defendant on the ground of contributory negligence.  The case shows that the plaintiff turned toward the right and rode directly into the sulky which he could easily have avoided if he had been looking.  This was not due care; it was no care whatever.  *Butterfield* v. *Forrester,* 11 East 43; *Railroad Co.* v. *Jones,* 95 U. S. 439; *Schofield* v. *Railroad Co.,* 114 U. S. 615; *Traction Co.* v. *Helms,* 84 Md. 515; *Casey* v. *Malden,* 163 Mass. 507; *Robb* v. *Connellsville,* 137 Penn. St. 365; 60 Vt. 249; *Gilman* v. *Deerfield,* 15 Gray 577.

The fact that this was a race course did not justify the plaintiff in presuming that its whole width would be clear.  If the duty of the defendant required the whole width to be kept clear it was still the plaintiff's duty to exercise care and caution.  Wharton's Negligence, s. 384; *Steele* v. *Burkhardt,* 104 Mass. 59; *Tyler* v. *Railroad Co.,* 157 Mass. 336; *Railroad Co.* v. *Houston,* 95 U. S. 697.

The first request was not sufficiently complied with.  The court used the term *negligence,* but did not define it or explain it.  This should have been done.

The eighth request should have been complied with.  The racers were only entitled to a reasonable allowance of the track.  *Mercer* v. *Corbin,* 117 Ind. 450; *Lindsay* v. *Danville,* 45 Vt. 72; *Hodge* v. *Bennington,* 43 Vt. 450; *Kelsey* v. *Glover,* 15 Vt. 708; *Macomber* v. *Taunton,* 100 Mass. 255; *Tasker* v. *Farmingdale,* 91 Me. 521.

The motion in arrest should have been sustained.  Sufficient *facts* are not stated to show a legal duty.  *Devino* v. *Railroad Co.,* 63 Vt. 98; *Kennedy* v. *Morgan,* 57 Vt. 46; *Fay* v. *Kent,* 55 Vt. 557; *Wright* v. *Bourdon,* 50 Vt. 494.

The declaration should contain an averment that plaintiff was in the exercise of due care. *Winifred Bros.* v. *Railroad Co.,* 71 Vt. 48; *Brainard* v. *Van Dyke,* 71 Vt. 359; *Thompson* v. *Railroad Co.,* 57 Mich. 307; *Railroad Co.* v. *Stanley,* (Ind.) 27 N. E. 316; *Eberhart* v. *Reister,* 96 Ind. 478.

*Hunton & Stickney* for the plaintiff.

The testimony of the expert was admissible. The plaintiff was entitled to show the best position for racing and was justified in assuming that position, and was under no obligation to look ahead to see that the track was clear.

The question of contributory negligence was submitted to the jury under proper instructions. It was for them to determine. *Potter* v. *Moran,* 61 Mich. 60.

Submitting this question to the jury together with the question whether it was negligence to have the sulky on the track, was proper, and a sufficient compliance with the defendant's request.

The objection to the declaration in that it does not allege that the race was run by direction of the defendant, is not good after verdict. The fact will be presumed to have been found.

On the claim that the declaration is insufficient, after verdict, in not containing an allegation that the plaintiff was not guilty of negligence, see *Railroad Co.* v. *Simmons,* 38 Ill. 242; *Lee* v. *Light Co.,* 98 N. Y. 119; *Potter* v. *Railroad Co.,* 20 Wis. 561; *May* v. *Princeton,* 11 Met. 442; *Smith* v. *Railroad Co.,* 35 N. H. 356.

WATSON, J. The defendant is an unincorporated society, and conducted the World's Fair, so-called, at Tunbridge, in the fall of 1897. The society's posters announcing the fair, advertised for Thursday, September 30th, a race with bicycles, one mile, best two in three, for prizes, and that each rider would be required to pay one dollar for competing therefor, with five or more to compete.

The plaintiff, Jones, McDonald, and two others entered the race.     Jones won the first two heats and the first prize.

In the first heat, McDonald was second under the wire, and the plaintiff third.     In the second heat, the plaintiff was second, and McDonald third.     Since thereby the plaintiff and McDonald were tied for the second prize, to determine which should have it, the third heat was ridden by them only.     It was in the riding of this heat that the plaintiff received the injuries for which he seeks to recover damages in this action. That this heat was authorized and directed by the defendant's managing officers was determined by the verdict.     It is contended by the plaintiff that during the race, the defendant was bound to keep the track clear; but its duty in this regard was to exercise the care and prudence of a prudent man in like circumstances. That herein the defendant was guilty of a shortage has also been determined by the verdict.

The evidence showed that for about one hundred feet before the plaintiff was injured, and at the time of his injury, he was riding with his head and body lowered over the handle-bars of his bicycle, so that he could not see more than one or two rods ahead.

The defendant claimed that to ride in this way and not to see further ahead was such contributory negligence on the part of the plaintiff as to prevent a recovery.

Subject to exception, the plaintiff was allowed to show the position of a bicycler in racing as distinguished from ordinary bicycling on the road; that is, that in racing the rider carries his head down, so that while developing his greatest speed he can see but a short distance ahead.

Each competitor was expected by the defendant to make his fastest time.     The prizes were offered as an inducement for men to enter the race and to ride to win if possible.

The evidence tended to show that the plaintiff was carrying his head in the common way of wheelmen when riding in a race, to produce the greatest speed, and in the way necessary for that purpose. If it was necessary for the plaintiff to carry his head in that way to produce such speed, it follows that the defendant expected him to carry it so. The evidence had a bearing on the question of contributory negligence, and was properly received. *Simonds* v. *Baraboo,* 93 Wis. 40, 57 Am. St. Rep. 895.

The expert witness on this question testified, that "Ordinarily on the road a person for road riding is nearly erect; some ride erect, and some over a little; but ordinarily, for racing, there is a special racing bar and racing machine, which brings the head down."

It is argued that there was no evidence tending to show that the plaintiff rode such a bicycle, and therefore the evidence was improper. But this position is untenable; for the testimony of the witness, when fairly interpreted, is not limited to such a machine. He says that in racing, ordinarily, they have such a machine, thus impliedly saying that it is not always so; and his testimony as to the effect of riding with the head down over the handle-bars is general,—that the rider gets a purchase on the handle-bars, which, by giving him more power to put on his bicycle, increases its speed.

At the close of the evidence, the defendant moved for a verdict, on the ground that the plaintiff was guilty of contributory negligence. The motion was overruled, to which defendant excepted. Defendant also excepted to the submission of the question of contributory negligence to the jury. Each of these exceptions presents the question whether, as matter of law, the want of due care by the plaintiff contributed to the accident. On this question the evidence will be stated most favorably for the plaintiff.

The evidence shows that, in the heat in question, McDonald had the pole, with the plaintiff trailing in his rear as they rounded the turn about one hundred and eighty feet from the judges' stand and about one hundred feet from the horse and sulky on the track; that thus they continued for some distance until the plaintiff veered his bicycle to the right to pass McDonald; that thereupon McDonald also veered to the right, crowding the plaintiff off until his bicycle struck the sulky on the track; that by this collision the plaintiff was thrown over his wheel to the ground, thereby receiving the injuries of which he here complains. Some of the evidence tended to show that the horse hitched to the sulky was near the fence on the outside of the track, with the sulky standing diagonally about ten feet on the track; some, that the sulky was placed round near the fence, so that the horse and sulky were lengthwise with it; some, that they were standing still near the center of the track; and some, that they were moving. The evidence further tended to show that, from the time the plaintiff veered his bicycle to the right until the accident, his head was carried low over his handle-bars; that with his head thus he could have seen two rods ahead; that the plaintiff and McDonald were riding side by side, from two to three feet apart, with McDonald a little ahead; that they were thus riding when the plaintiff's bicycle struck the sulky; that they were riding as near each other as they could and not have their wheels collide, with McDonald crowding the plaintiff off by degrees, and the plaintiff was necessarily all of the time bearing to the right, in order not to run into McDonald, and to pass him; that the plaintiff, with his head down, was constantly watching McDonald's bicycle, to avoid a collision with it, and did not look ahead at all; that the sulky was on the track in plain sight of the plaintiff for a distance of ninety to

7

one hundred feet before his bicycle struck it, and in whatever particular place it may have been on the track, within the scope of the evidence, it could have been seen by the plaintiff during that entire distance, had he raised his head and been looking; that, however, he did not see it until just before his bicycle hit it; that the plaintiff and McDonald were speeding at the rate of a mile in two minutes and ten or fifteen seconds, or faster,—at any rate, as fast as they could; and that, when racing at so high a speed, the direction can be changed in going from five to ten feet. From a little beyond the place where the plaintiff turned to the right to pass McDonald to the judges' stand, the track widened from about twenty-seven feet to forty-three feet, being at the place of the accident forty feet wide.

The plaintiff knew that races, one after another, and some with horses, were taking place on that same track; and he must have known that the society had several marshals present, looking after the races and keeping the track clear when a race was on.

The society had advertised the race with bicycles, offering prizes, and charging each rider a fee to enter it. The plaintiff entered the race under these conditions, and he carried his head down over the handle-bars as bicyclers usually do in a race, to produce the greatest speed. He had a right to assume that the defendant expected him to ride in the usual way, and as fast as possible, if need be, to win in the race. He also had a right to expect that the defendant would exercise due care in keeping the track clear. *Bagley* v. *Ludlow,* 41 Vt. 425; *Butterfield* v. *R. R. Co.,* 10 Allen 532; 87 Am. Dec. 678; *Jennings* v. *Van Schaick,* 108 N. Y. 530, 15 N. E. 4; *Feeney* v. *L. I. R. R. Co.,* 116 N. Y. 375, 22 N. E. 402, 5 L. R. A. 544; *Buck* v. *Biddeford,* 82 Me. 433, 19 Atl. 912; *Rus-*

*sell* v. *Monroe,* 116 N. C. 720, 21 S. E. 550, 47 Am. St. Rep. 823.

If the plaintiff had seen the sulky when approaching it, he could not have changed the course of his bicycle to the left without colliding with McDonald, nor to the right without danger of hitting the horse and sulky or of running into the fence on the outside of the track. But the plaintiff's attention was all of the time absorbed in watching McDonald to prevent a collision with him. While necessarily in the exercise of continuous care to avoid such an accident, he meets with another, by running into the horse and sulky which had been ordered up by the defendant's managers for the next race. Although it is true that the negligence of the defendant did not excuse the plaintiff from the exercise of due care, he was not called upon to anticipate negligence on the part of the defendant.

Riding a bicycle or driving a horse in a manner that would be considered reckless on a public highway, where no one is on duty keeping the road clear, and where the rate of speed is usually moderate, would not necessarily be imprudent riding or driving in a race where great speed is required, on a track for that purpose, with marshals in attendance whose duty it is to keep the track clear. Riding or driving on such a track during a fair, but not in a race, and when people with and without teams are at liberty to be on the track as elsewhere, might be most careless in speed and in the failure of the rider or driver to carry his head and body in a way to enable him to see ahead; and yet the same riding and driving in a race, with the attending circumstances, might be within the exercise of the care and prudence of a prudent man. When a man in any situation or business conforms to the rules and usages established by careful and prudent men in the conduct of similar business in like circumstances, he has done all that the law requires. Notwithstanding there is no conflict in the evidence,

yet if it still rests upon discretion, experience and judgment to determine whether the acts complained of were a departure from such established rules and usages, it is not a matter of law for the court, but one of fact for the jury. *Vinton* v. *Schwab,* 32 Vt. 612; *Hill, Admr.* v. *New Haven,* 37 Vt. 501, 88 Am. Dec. 613; *Selinas* v. *Vermont State Agricultural Society,* 60 Vt. 249, 15 Atl. 117, 6 Am. St. Rep. 114.

The fact that the plaintiff was in danger of a collision with McDonald, and that his attention was necessarily engrossed to avoid it, is important. Whether the plaintiff, with an apparent danger threatening him, which required his constant watchfulness, failed to do what a careful and prudent man would have done in the same situation,—in not seeing the sulky on the track and in not avoiding the collision therewith,—was clearly a question of fact to be passed upon by the jury. *Connelly* v. *Trenton Passenger Ry. Co.,* 56 N. J. L. 700, 29 Atl. 438, 44 Am. St. Rep. 424; *Potter* v. *Moran,* 61 Mich. 60, 27 N. W. 854.

In the light of all the circumstances disclosed by the evidence, it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence; hence, in overruling the motion for a verdict, and in submitting the question to the jury, there was no error.

The defendant's first request was that the jury be instructed that, to entitle the plaintiff to recover, they must find from a fair balance of the evidence that at the time of the accident, the defendant owed to the plaintiff the duty of furnishing him a safe track on which to ride, and that it failed so to do, or was guilty of a shortage therein.

The duty owed by the defendant to the plaintiff in this regard, if any, was a matter of law for the court, and not a fact to be found by the jury. The request, being unsound in principle, was properly disregarded.

Defendant also contends that the court failed to comply with the eighth request, which was, that the defendant was not necessarily under a duty to the plaintiff to keep the whole width of the track clear of obstruction, but only so much thereof as was reasonably sufficient for the race then in progress, and that such failure was an error.

As before seen, the evidence tending to show the location of the horse and sulky on the track was conflicting. The court instructed the jury as follows: "Was it negligence in the defendant to have the horse and sulky upon the track, in whatever position you find it was? So, if you find that the plaintiff was acting under authority, and still you should find that the act of allowing the sulky to be upon the track was not negligence, then the plaintiff would not be entitled to recover, because his action is based upon the claim that the defendant was negligent in having this obstruction, or what has been called an obstruction, upon the track."

That the horse and sulky were on the track, preparatory to the next race by the defendant's direction, there was no dispute. The court left it to the jury to say, whether, assuming that heat to be under the direction of the defendant, it was negligence on the part of the defendant to allow the sulky to be in the particular location where the jury should find it was. We think this was a substantial compliance with the request; for the jury was at liberty to say that, notwithstanding the sulky was on the track, its location was such that the track was not unreasonably obstructed thereby, and therefore that the defendant was not guilty of negligence.

The defendant moved in arrest of judgment, and, on exception to the overruling of the same, contends that the declaration fails to state facts showing the existence of a legal duty resting on the defendant; also, that it is without an averment that the plaintiff was in the exercise of due care and caution.

The first count in the declaration sets forth that the defendant has for many years had grounds in Tunbridge, fitted with the usual means and appliances for agricultural fairs, including a race track; that prior to the holding of the fair in question the defendant issued a printed notice of the time and place of holding the same, and therein gave notice of a race with bicycles on the third day of the fair, each rider to pay one dollar; that the plaintiff was at the fair, and then and there paid to the defendant one dollar for the privilege of competing in said race, and that when the time came therefor, he joined in the race with his bicycle; and that thereupon it became and was the duty of the defendant to keep said track clear until said race was ended. The count then sets forth that the defendant, in disregard of its duty in his behalf, before the race was ended, and while it was in progress, "wrongfully, carelessly, and negligently called a race free for all, trot or pace, and in answer thereto sundry persons rode on said track with horses and sulkies, and, by reason and in consequence thereof, one of said horses and sulkies and the driver thereof, collided with the plaintiff and his bicycle, whereby he, the plaintiff, was thrown a considerable distance, and struck the ground, whereby he was greatly injured," etc. In these respects all of the counts are substantially alike.

Assuming, but not deciding, that the declaration is subject to the criticism first named, the allegation of the duty resting upon the defendant to keep the track clear until the race was ended, required proof of the facts which it is claimed were not expressly stated, to entitle the plaintiff to a verdict. Such facts, therefore, are implied in the finding of the facts which are expressly alleged, and the declaration is aided by the verdict. *State* v. *Freeman,* 63 Vt. 496, 22 Atl. 621; *Baker* v. *Sherman & Miller,* 73 Vt. 26, 50 Atl. 633.

Nor is the declaration so defective in the second regard as to be avoidable in arrest. If, after setting forth the negligence of the defendant in allowing the horse and sulky on the track, the averment had been that *wholly* by reason and in consequence thereof the horse and sulky, and the driver thereof, collided with the plaintiff and his bicycle, whereby, etc., or if, instead of using the word *wholly,* the phrase *without the fault of the plaintiff* had been properly inserted, the declaration would have been sufficient, even on demurrer. *Winifred Bros.* v. *Rutland R. R. Co.,* 71 Vt. 48, 42 Atl. 980. The direct averment that "by reason and in consequence" of the defendant's negligence before set forth, the collision took place, whereby the plaintiff was injured, etc., impliedly negatives any other cause of the accident.

With the averment in this way, the plaintiff was not entitled to a verdict unless he affirmatively established that his negligence did not contribute to the accident. *Boyden, Admr.* v. *Fitchburg R. R. Co.,* 72 Vt. 89, 47 Atl. 409. After verdict it will be presumed that it was so proved, and the declaration will be held sufficient. The want of a similar averment was under consideration in the following cases, which are much in point: *Illinois Cent.* v. *Simmons,* 38 Ill. 242; *Lee* v. *Troy Citizen Gaslight Co.,* 98 N. Y. 115; *May* v. *Inhabitants of Princeton,* 11 Met. 442; *Potter, Admr.* v. *The Chicago, etc. Ry. Co.,* 20 Wis. 561, 91 Am. Dec. 444.

This disposes of all the exceptions upon which the defendant relied in argument, and *judgment is affirmed.*

*Start,* J., dissents.

*Taft,* C. J., not voting.