TUNIS VANDER PYLE, PLAINTIFF-RESPONDENT, v. ALEX-
ANDER HAMILTON GARAGE, INCORPORATED, A COR-
PORATION OF THE STATE OF NEW JERSEY, DEFEND-
ANT-APPELLANT, AND JOHN J. DAVIS, DEFENDANT.

Argued May 4, 1937—Decided June 7, 1937.

Before Brogan, Chief Justice, and Justices Trenchard and Parker.

For the defendant-appellant, *Charles C. Stalter.*

For the plaintiff-respondent, *Marcus & Levy (Louis Santorf,* of counsel).

The opinion of the court was delivered by

Trenchard, J. This is the appeal of the Alexander Hamilton Garage, Incorporated, one of the defendants below, from the plaintiff's judgment against it and its employe (the latter not appealing).

The plaintiff's case was that he was severely injured while sitting on the curbstone, with his feet in the gutter hard by the curbstone, when an automobile driven by the defendant Davis, an employe of the defendant garage company, suddenly backed down upon the plaintiff without any warning whatsoever. The defendants rested without submitting any evidence.

The only point argued by the appellant is that "the court below erred in refusing to direct a verdict in favor of the defendant Alexander Hamilton Garage, Incorporated," (all other points made in the brief having been expressly abandoned).

We now look at the reasons urged in the trial court for the direction of a verdict and find that they are these, and these only: (1) that the driver of the car was not the agent of the defendant garage company; (2) that he was not negligent, and (3) that plaintiff was guilty of contributory negligence.

We think the motion was rightly denied.

The evidence in broad outline tended to show among others, the following pertinent matters of fact. The plaintiff, a workman sixty-four years old, was returning home from his heavy work and stopped at a public bus stand at 160 Market street, Paterson, to wait for a bus. Having waited about seven minutes he became tired and sat down on the curbstone

near the middle of the public bus station area (marked at both ends by the bus station signs). On his right was the automobile parked, with the motor silent, about six feet away, which later backed down upon him. That automobile belonged to one Goldie, who for years had a contract with the defendant-appellant to store and service the automobile and to bring it to his office, 160 Market street, when so directed, and on the day in question it had been brought there as usual by Davis, an employe of the defendant, pursuant to instructions. Plaintiff sat there about three minutes "looking all around" with his interest centered to the street watching for his bus, when, without any adequate observation on the part of the driver to see if the way was clear, and without any warning of any kind whatsoever, the automobile was suddenly backed down upon him by Davis, the operator, whose presence in the car theretofore was unknown to the plaintiff.

In this posture of the proof it seems clear that the question whether Davis, the driver of the car, was the agent of the defendant garage company, was for the jury and not for the court.

It appeared without dispute that he had been their employe for years, during which time, the contract, calling for the delivery of the car to Goldie at 160 Market street when wanted, had been in operation, and that he, Davis, during that period had usually made the delivery pursuant to the instructions of the company. That was what he was doing at the time of the accident in question. His custom was to wait ten minutes and upon failure of Mr. Goldie to appear, to return the car to the garage, all pursuant to the agreement and according to the usual practice. It was, therefore, certainly competent for the jury to infer that at the time in question he was the agent of, and was operating the car on the business of, and in behalf of his employer, the garage company.

The question whether or not he was negligent was likewise for the jury. It is the duty of the operator of an automobile before backing it upon a city street, to use reasonable care to see that such movement can be made in safety; and where,

as here, the evidence tended to show that he backed his car against and injured the plaintiff who was sitting on the curbstone, near the middle of a public bus station area (marked at both ends with the bus station signs), and so backed his automobile without taking reasonable care to see that the way was clear and without giving any warning whatsoever of such intended movement, the question of the driver's negligence was for the jury and not for the court. *Lozio* v. *Perrone,* 111 *N. J. L.* 550. See, also, *Pamph. L.* 1918, *p.* 325, § 3, ¶ 3.

We think the evidence also presented a jury question with respect to the alleged contributory negligence of the plaintiff. While a workman using a city street on his way home is bound to exercise care for his safety such as an ordinarily prudent person would exercise in such circumstances, yet he has the right to assume that persons operating automobiles in the street will do so with a reasonable degree of care for his safety while sitting upon a curbstone near the middle of a public bus station area (marked at both ends by the bus station signs) and waiting for his homeward bound bus, and watching for it and other traffic in the street; and when in such circumstances, as here, he is injured by a private automobile, which had been parked near by, carelessly and suddenly backing down upon him without any warning of any kind whatsoever, the question of his alleged contributory negligence was for the jury and not for the court. *Lozio* v. *Perrone, supra.* In such case the fact, if it be the fact, that it was necessary for the driver of the automobile to back his car before starting, by reason of its immediate proximity to a car in its front, was a mere circumstance for the consideration of the jury.

It therefore follows that the motion for a directed verdict was properly denied.

Our conclusion that the case was for the jury seems to be in accord with other cases that we have noticed. Thus in *Kathmeyer* v. *Mehl (New Jersey Supreme Court),* 60 *Atl. Rep.* 40, a pedestrian struck by an automobile while standing in the roadway conversing with a friend was held not guilty

of contributory negligence as a matter of law; and in *Melia* v. *Malicke Bus Co., 7 N. J. Mis. R.* 859, it was held that a pedestrian crossing a street hit by a bus backing down upon him was entitled to assume that it would not be backed without the driver thereof complying with the provision of the statute that "before backing, ample warning should be given, and while backing unceasing vigilance shall be exercised not to injure those behind." Another case in point is *Rehfuss* v. *Prospect Boiler Co.*, 110 *N. J. L.* 349.

The judgment will be affirmed, with costs.