FRYE v. ELKINS.

SAME v. DRENNAN-ELKINS MOTOR CO.—122 S. W. (2d) 827.

Middle Section.   July 9, 1938.

Petition for Certiorari denied by Supreme Court, December 17, 1938.

E. R. Woolard, of Lebanon, for plaintiff in error Frye.

T. B. Finley and H. T. Wright, both of Lebanon, for defendants in error Mrs. Elkins et al.

CROWNOVER, J. These two suits were tried together, by consent, as they arose out of the same accident.

The suits originated in a justice of the peace court where Mrs. Elkins sued the defendant, Carl Frye, for damages for personal injuries and for property damage (breaking of her eyeglasses) when the automobile which she was backing out of her garage collided with his car which he had parked in her driveway. The Drennan-Elkins Motor Company, the owner of the automobile which Mrs. Elkins was driving, sued for damage to the automobile. Judgments were rendered in favor of Mrs. Elkins and the Motor Company. The defendant appealed.

In the Circuit Court the cases were tried by the judge without the intervention of a jury, and he rendered judgment in favor of Mrs. Elkins for $35 for personal injuries, plus $8 for repairs to her eyeglasses and $2 for doctor's bill, making a total of $45, and judgment for the Motor Company for $7.50.

The defendant's motion for a new trial was overruled and he appealed in error to this court and has assigned errors, which are, in substance, that there is no evidence to sustain the judgments and the evidence preponderates against the judgments; and it was insisted under these assignments that the plaintiffs were guilty of contributory negligence which barred recoveries.

The plaintiff Mrs. Elkins lived in Lebanon, Tenn. Her home was constructed as an apartment house, consisting of five apartments, one of which she and her husband occupied.

The defendant, Carl Frye, rented one of these apartments.

There was a four car garage on the premises, but Mrs. Elkins had not rented garage space to Frye.

The driveway from the garage to the street was about 117 feet long, and consisted of two concrete strips on which the wheels of the automobiles operated.

On the morning of July 24, 1937, Mrs. Elkins came out of the front door of the house and walked around the house to the gar-

age in the rear. There was no car in the driveway. It was about nine o'clock in the morning.

While she was in the garage Frye drove up in his automobile with the intention of going to his apartment for a few minutes. He did not see Mrs. Elkins, who was in the garage. He parked his car in the driveway about twenty feet from the street and went into the house. The car was standing in the driveway, about 96 feet from the garage, with its front wheels 6 to 12 inches to the right of the two concrete strips of the driveway and the rear wheels on the strips of concrete. About half way between his car and the garage were three large clumps of shrubbery, the branches of which extended over about one-fourth of the driveway.

Mrs.· Elkins proceeded to back her car out of the garage, down the driveway, towards the street, looking out of the window on the left side. She did not look out of the rear window, nor did she look in the rear view mirror. She did not look before backing out nor while backing down the driveway. The rear of her car struck the left front of Frye's parked car. Her glasses were broken and she sustained a small cut over her left eye. The automobile, which belonged to the firm of Drennan-Elkins Motor Company, of which her husband was a member, was dented in the rear.

As Frye was entering the front door he heard Mrs. Elkins' car strike his; he ran out to her car and told her that he was sorry, and that it was all his fault; but he later testified: "I told Mrs. Elkins at the time of the accident that it was my fault. I said this because I was sorry the accident happened, and was excited at the time. I do not now think it was my fault."

These suits having been brought by Mrs. Elkins and the Motor Company, the questions whether Frye was an invitee, licensee or trespasser on the driveway, and guilty of negligence are not determinative of these cases.

■ Although the defendant may be guilty of negligence, if the plaintiff is guilty of contributory negligence that proximately brings about the collision, she cannot recover. Maxwell v. Kirkpatrick, Tenn. App., 116 S. W. (2d) 340; Grigsby & Co. v. Bratton, 128 Tenn. 597, 163 S. W. 804.

■ The determinative question involved is whether Mrs. Elkins was guilty of contributory negligence in failing to look behind her as she backed out of the driveway; which question we think should be answered in the affirmative.

In the case of Caplan v. Reynolds, 191 Iowa 453, 182 N. W. 641, where the defendant was backing his automobile in his driveway when he collided with the plaintiff, who had driven his car into the driveway to make a delivery, the court said that it could not be said that defendant was negligent as a matter of law simply because he did not discover the plaintiff's presence, or because

he attempted to back out of the drive instead of turning around, and the question was one for the jury.

■ But the driver must exercise ordinary care in backing. 5 Am. Jur. 680, secs. 328-332.

"Ordinary care is such care as an ordinarily prudent person would have exercised under the same or similar circumstances to avoid injury. The standard by which conduct for which plaintiff is responsible is measured by the conduct of an ordinarily prudent person under the same or similar circumstances, and not that of an ordinarily prudent person generally or that of a very cautious person. . . .

"Ordinary care is relative, and not absolute, and, being relative, is dependent upon the circumstances of each particular case. Care commensurate with the hazards and dangers to be encountered is required." 45 C. J. 952-953, sec. 511.

■ It was her duty to look not only before she began to back, but also while she was in the act of backing. 42 C. J. 936, sec. 949; Lee v. Donnelly, 95 Vt. 121, 113 A. 542; Taulborg v. Andersen, 119 Neb. 273, 228 N. W. 528, 67 A. L. R. 642; Vander Pyle v. Alexander Hamilton Garage, 118 N. J. L. 238, 192 A. 436.

■ Whether she was exercising ordinary care is a question of fact. She testified that she did not look out of the rear window or in the rear view mirror while backing, but was attempting to look out of the left side window. We are of the opinion that she was not exercising ordinary care, as she could not get a view of the driveway behind her by attempting to look behind her out of the side window, and that she was not exercising care commensurate with the danger reasonably to be anticipated, as it is shown that four other families occupied the apartments and three of them kept cars in her garage and necessarily had to use this driveway.

The fact that her view was somewhat obscured by the shrubbery required that she exercise more care.

■ There is no conflict in the evidence of Mrs. Elkins and the defendant Frye. Frye's statement at the time of the accident that it was his fault, admits nothing. The question for the court to decide is whether Mrs. Elkins was guilty of negligence in not looking back as she backed her car. She testified that she did not look back; hence, we think she is guilty of contributory negligence, and that the evidence preponderates against the judgments of the lower court. Code, sec. 10622.

It results that the judgments of the lower court are reversed and the suits dismissed.

The costs of the cause including the costs of the appeal are adjudged against Mrs. Elkins and the Drennan-Elkins Motor Company.

Faw, P. J., and Felts, J., concur.