FREDERICK F. KENNEDY v. NORTH JERSEY STREET RAILWAY COMPANY.

Submitted December 1, 1904—Decided February 27, 1905.

1. The averment in a declaration that a car came nearly to a standstill, at the instance and request of the plaintiff, who then and there, at the instance and request of defendant, was then and there invited to become a passenger, is a statement of a conclusion drawn by the pleader from inadequate or undisclosed facts, and is bad on demurrer.
2. In a pleading imputing legal liability, the word "invitation" must be given its legal, and not its colloquial, meaning.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff, *Samuel Kalisch.*

For the defendant, *Hobart Tuttle.*

The opinion of the court was delivered by

GARRISON, J.   The declaration to which a demurrer has been filed alleges that the defendant was operating its car upon one of the public streets of Newark, "and that said car came nearly to a standstill, at the instance and request of the plaintiff, who then and there, at the special instance and

request of the said defendant, was then and there invited to become a passenger in said car, to be safely and securely carried by the said defendant in the said car, * * * and that while he, the said plaintiff, was then and there lawfully attempting to board and enter said car, in pursuance of said invitation, while the same was nearly at a standstill, the said defendant, by its servants, then and there carelessly, negligently and improperly, suddenly accelerated the speed of said car, without then and there giving any notice or warning to the said plaintiff, thereby throwing the said plaintiff violently to the ground."

The essence of this charge is invitation in its legal sense, hence, under the familiar rule that a demurrer admits only such facts as are properly pleaded, the case turns upon the question whether the invitation set up by the declaration is a statement of a fact properly pleaded by the plaintiff, or whether it is a statement of the plaintiff's conclusion from the other facts pleaded or from undisclosed facts. The word "invitation" has both a colloquial and a legal meaning, the former importing a fact of well known signification, the latter a conclusion of law to which definite rights and liabilities attach. Upon an issue of law it should be assumed that words are used in their legal sense, not only because in legal documents charging legal liabilities words should be given their legal signification, but also because in the present case it is next to impossible to believe that the pleader seriously intended to aver that he was, in the colloquial sense of the word, "solicited by any written, oral or signal message" to board the moving car. The fair meaning to be given to the declaration is that from the slowing down of the car the plaintiff assumed that he had been accepted as a prospective passenger, and that thenceforth the movements of the car would be regulated with due reference to the existence of such relationship. It is not questioned that an invitation of this sort may give rise to legal responsibility on the part of the defendant, but an essential factor—indeed, the essential factor—in such invitation is the existence of some state of facts from which the

servants of the defendant knew, or ought to have known, that their act of slowing the speed of the car might give rise to the belief that it was for the purpose of permitting the plaintiff to become a passenger. If this be not so, then every dimunition of the speed of a moving car, from any cause whatsoever, inaugurates possible liabilities as to all persons who may make the attempt to board such car while in motion, although the servants of the defendant may be entirely unaware of the necessity of regulating the running of the car with respect to such attempts. If circumstances from which the invitation to the plaintiff is fairly inferable are stated in the pleading, the basis for the legal liability of the defendant is properly laid; but the mere allegation of the pleader's conclusion, from inadequate or undisclosed facts, tenders no such issue, and indicates, primarily, no liability on the part of the defendant.

The defendant is entitled to judgment on his demurrer.