ROBERT A. GIFFORD *vs.* EDWARD B. JENNINGS.

Bristol.    October 25, 1905. — January 2, 1906.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, On highway.    *Automobile*.    *Words*, "Approaching."

An automobile coming up behind a vehicle on a public street is "approaching" it within the meaning of St. 1903, c. 473, § 7, requiring every person having control of an automobile upon any public street or way and approaching any vehicle drawn by a horse or horses to exercise every reasonable precaution to prevent the frightening of such horse or horses.

If one in control of an automobile on a public street comes up behind a market wagon, drawn at the rate of four miles an hour by a horse, not given to shying, kicking or running and not afraid of automobiles, and without sounding his horn comes within ten feet of the nearer hind wheel of the wagon and tries to pass where there is not room, he may be found to be negligent in not sounding his horn in conformity with the obligations imposed by St. 1903, c. 473, §§ 7, 10, and if the horse kicks and breaks his driver's leg, it may be found that this negligence was the cause of the injury.

TORT, for personal injuries alleged to have been caused by the negligence of the defendant in approaching and attempting to pass the plaintiff's wagon with his automobile without giving any warning of his approach, on the afternoon of September 1, 1903, on a country road in the town of Westport. Writ dated November 4, 1903.

At the trial in the Superior Court before *White*, J. the defendant at the close of the evidence asked the judge to order a verdict for the defendant, on the grounds that there was no evidence of the defendant's negligence and that on the evidence the plaintiff could not recover. The judge refused to rule as requested, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $400; and the defendant alleged exceptions.

*R. P. Borden & R. C. Davis*, for the defendant.

*A. G. Weeks*, for the plaintiff.

LORING, J.    The complaint made here is that through the defendant's negligence in driving his automobile the horse driven by the plaintiff kicked and broke the plaintiff's leg. The

defendant came up from behind the plaintiff without blowing his horn. The judge ruled that the case was for the jury, and in our opinion that ruling was right.

The jury were warranted in finding that the horse was not given to shying, kicking or running; further that he was not frightened by automobiles, and that on the day of the accident three had passed him going in the same direction, without frightening him, and that each of the drivers of these three had sounded a horn; that the horse did not start until the automobile was within ten feet of the nigh hind wheel undertaking to pass the plaintiff where there was not room, and that the plaintiff had not heard it; that the plaintiff was driving at the rate of four miles an hour, in a market wagon with a load of fifteen hundred pounds, and had the reins " tight " " up good in " his hands.

The defendant and his witnesses told a different story.

St. 1903, c. 473, § 7, recognizing that an automobile is a novel machine, requires that the driver of one " approaching any vehicle drawn by a horse or horses," shall " operate, manage and control such automobile or motor cycle in such manner as to exercise every reasonable precaution to prevent the frightening of such horse or horses and to insure the safety and protection of any person riding or driving the same," and by § 10, that every automobile shall be provided " with a suitable bell, horn or other means of signalling."

We are of opinion that an automobile coming up behind a vehicle drawn by horses is " approaching " it within § 7 of this act. We are also of opinion that the jury were warranted in finding on the above facts that the defendant was negligent in not sounding his horn, and that that negligence was the cause of the breaking of the plaintiff's leg. The jury might find that a horn should be sounded on overtaking a horse not only to warn the driver of the horse to keep to his side of the road, but also to give timely warning of the approach of this machine which, in the kind of noise made by it, as well as in other respects, is novel and therefore may be dangerous, and that the defendant should have known this.

*Exceptions overruled.*