## Peter M. Kessler, Appellee, v. William E. Washburn, Appellant.

### Gen. No. 5322.

1. CONTRIBUTORY NEGLIGENCE—*persons in peril.* Persons in positions of great peril are not required to exercise all the presence of mind and care of a prudent and careful man. The law makes allowance for them and leaves the circumstances of their conduct to the jury.

2. CONTRIBUTORY NEGLIGENCE—*person injured by automobile.* If a person injured by an automobile has due notice of its approach, he is not necessarily guilty of contributory negligence in failing to avoid a collision with it, as he has a right to assume that it will approach at a lawful rate of speed and he may calculate upon passing in front of it upon that assumption.

3. NEGLIGENCE—*what does not exempt operator of automobile from liability.* No owner or operator of an automobile is necessarily exempt from liability for collision in a public street by merely showing that at the time of the accident he did not run at a rate of speed exceeding the limit allowed by the law or the ordinance; on the contrary, he still remains bound to anticipate that he may meet persons at any point in the public street, and he must keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person, using proper care and caution; and if necessary, he must slow up, and even stop. No blowing of a horn or of a whistle or ringing of a bell or gong, without an attempt to slacken the speed, is sufficient, if the circumstances at a given point demand that the speed be slackened or the machine be stopped, and such a course is reasonbly practicable. The true test is, that he must use all the care and caution which an ordinarily prudent and careful driver would have exercised under the same circumstances.

4. INSTRUCTIONS—*approved form upon right of recovery where in-*

*jury caused by automobile.* An instruction upon this subject substantially in the language of the statute is approved:

"You are further instructed that in an action brought to recover damages, either to the person or property, caused by running an automobile, propelled by mechanical power, along a public street, through a closely built up business portion of a city, at a greater rate of speed than ten miles an hour, the plaintiff is deemed to have made out a *prima facie* case by showing the fact that he or she has been injured by said automobile, and that the person running such automobile was, at the time of the injury, running the same at a rate of speed greater than the law permits."

5. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correst instruction will not reverse if its contents are substantially contained in another instruction given.

Action in case for personal injuries. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term', 1910. Affirmed. Opinion filed October 18, 1910.

NICHOLAS J. DEMERATH and STURTZ & EWAN, for appellant.

JAMES H. ANDREWS and THOMAS J. WELCH, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This was an action on the case brought by Peter M. Kessler against William E. Washburn to recover damages for personal injuries sustained by his being struck by an automobile driven by Washburn. The original declaration contained three counts. Each count charged that on December 7, 1907, Washburn was driving an automobile along a street which passed through a closely built up business portion of the city of Kewanee, at a greater rate of speed than one mile in six minutes, without giving warning of any kind, contrary to the statute, and that through the negligence of Washburn the automobile struck Kessler and injured him while he was in the exercise of due care for his own safety. Later, two additional counts were filed. The first charged Washburn with negligence in operating the automobile. The

second based the cause of action on the provision of paragraph (C) section 10, "Motor Vehicle Act" (Laws of 1907), and alleged that Washburn drove said automobile negligently and carelessly against Kessler while he was using due care for his own safety, without any signal or warning, at a higher rate of speed than was prudent under the circumstances, and inflicted the injury complained of. A plea of not guilty was interposed. The cause has been tried by three juries. Upon the first trial the verdict was "Not guilty." The second resulted in a verdict for Kessler for $200. These verdicts were set aside and the third trial resulted in a verdict for $600 for Kessler, upon which a judgment was entered, from which Washburn prosecuted this appeal.

Main street in the city of Kewanee is paved with brick and used extensively for travel. It extends north and south, and is intersected at nearly right angles by the tracks of the Chicago, Burlington and Quincy Railroad Company. A little after six o'clock on the evening of the day of the accident, appellee and William Hemple walked south along the east side of Main street until they reached a point opposite the head of Willard street, which leads to the main business portion of the city, and then started westerly across Main street toward Willard street. A little before appellee and Hemple reached the south side switch track, appellant's automobile, which he was driving, turned from Third street into Main street about a block south of the said south switch track, and ran north on the east side of Main street, and, near the south rail, struck appellee and inflicted upon him the injuries sought to be redressed in this suit.

Appellant does not deny that his automobile struck appellee and injured his person, but insists that appellee was not injured to the extent he claims, and that appellee was not in the exercise of due care for his own safety at the time he was injured; in other words, that he was guilty of negligence which contributed to his injury, and therefore cannot recover. Appellant testified that appellee came suddenly from behind some poles and posts upon the approach of the automobile and then ran or jumped back in front of the automobile. The

evidence shows that appellee and Hemple came up Main street and started across Main street to Willard street in plain view of persons coming from the south, and were from twelve to eighteen feet from the curb when the accident occurred, outside the usual path used by drivers of teams and automobiles, and were passing along at an ordinary walk. Appellee testified that he was not warned of the approach of the automobile until there came a flash of light in his eyes. He also testified that his hearing and sight were not defective, but that he neither saw nor knew of the approach of the automobile until it was too late to get out of the way. Hemple experienced difficulty in getting out of the way of the automobile, and both appellee and Hemple testified that they jumped as soon as possible after notice of its approach. Appellant testified that he blew a horn and immediately both jumped; that appellee jumped back when he was within fifteen feet of him; that prior to that time appellant had applied a brake to slow down the machine and immediately applied another brake so that the rear wheels were locked tight; that after the application of the second brake, the automobile was moving at the rate of only three or four miles an hour. It slid on a dry surface of brick and plank about half its length after the second brake was set, and struck appellee with a force that "turned him over," and Hemple said that it threw appellee eighteen feet and that he lay as if he were senseless and bled from his mouth. Had the automobile been moving at the rate of only three or four miles an hour or even at the rate of ten miles an hour, as permitted under proper circumstances by the statute, it seems improbable that it would have slid upon dry brick and plank the distance appellant admitted it did, or would have struck appellee with sufficient force to throw him any distance or injure him to the extent appellant admits that he was injured. Pat Welch, the gateman at the C., B. & Q. crossing, who had been in the service of the railroad company forty-six years, and who was in a tower overlooking the situation, testified for appellee that, in his opinion, the machine was going about twenty miles an hour. Earnest

Marlow testified that appellant was going eighteen miles an hour after turning from Third street. Christ Oeding testified that appellant was going about fifteen or eighteen miles an hour. Welch, Marlow, Oeding, Hemple and appellee testified that they did not hear the horn. For appellant, Martin Munson, who occupied an office with him, and who was riding in the automobile, testified that it was going four or five miles when fifty or sixty feet from appellee, and that appellant sounded the horn. Fred Miller, who was on Main street, testified that he had his attention attracted by the sounding of an automobile horn, and that, in his judgment, the automobile was running five or six miles an hour. Harry E. Tidrick, who was near the railroad track, testified he heard the horn several times, and that the automobile was running five or six miles an hour when he first saw it.

It is clear from the evidence that appellee was called upon to act instantly, when, as he says, the flash of the light from the automobile was in his eyes. Having suddenly found himself in a place of peril, he could not be expected to act with the deliberate judgment of a man under no apprehension of danger. Persons in positions of great peril are not required to exercise all the presence of mind and care of a prudent and careful man; the law makes allowance for them and leaves the circumstances of their conduct to the jury. Galena & Chicago Union R. R. Co. v. Yarwood, 17 Ill. 509; Dunham Towing & Wrecking Co. v. Dandelin, 143 Ill. 409; Chicago & Alton Ry. Co. v. O'Leary, 126 Ill. App. 311. Appellee's conduct is to be judged with reference to the stress of appearances at the time, and not by the cool estimate of the actual danger formed by outsiders after the event. If appellee had notice of the approach of the automobile 125 feet away as appellant claims, this did not necessarily make him guilty of contributory negligence in not avoiding a collision with it, as he had a right to assume that it would approach at a lawful rate of speed and to calculate upon passing in front of it on that assumption. If he made an error of judgment, this would not conclude him

on the question of reasonable care, if the automobile was approaching him at an unlawful rate of speed.

No owner or operator of an automobile is necessarily exempt from liability for collision in a public street by simply showing that at the time of the accident he did not run at a rate of speed exceeding the limit allowed by the law or the ordinances. On the contrary, he still remains bound to anticipate that he may meet persons at any point in the public street and he must keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person, using proper care and caution; and if necessary, he must slow up and even stop. No blowing of a horn or of a whistle or ringing of a bell or gong, without an attempt to slacken the speed, is sufficient, if the circumstances at a given point demand that the speed be slackened or the machine be stopped, and such a course is reasonably practicable. The true test is, that he must use all the care and caution which an ordinarily careful and prudent driver would have exercised under the same circumstances.

Appellant stated that he had been over that crossing many times, and knew the existing conditions. He knew that the crossing was used at the time of day he struck appellee, by a large number of people going and coming to and from their homes on the north side of town, and the evidence shows a number of persons were there at the time of the collision. Clearly, it cannot be said that the facts in this record are such that reasonable men of fair intelligence might not draw different conclusions therefrom, first on the ground of appellant's negligence, and second, as to appellee's contributory negligence. Therefore, there was no error in denying appellant's motion to direct a verdict of not guilty. Two juries have found that appellee was injured through negligence of appellant, and that appellee's negligence did not contribute to the injury, and the judge who presided at the last trial has approved this verdict, and we think the evidence fully sustains the judgment.

Instructions 2, 3, 4, 5, 6, 8, 11, given for appellee, are

objected to and the refusal of instructions 27 and 31 requested by appellant is criticized. When carefully read with appellant's instructions on the same subject, appellee's 2d, 3d, 4th, 5th, 6th, and 11th instructions are not subject to appellant's objection. Appellee's 8th instruction was in the following language:

"You are further instructed that in an action brought to recover damages, either to the person or property, caused by running an automobile, propelled by mechanical power, along a public street, through a closely built up business portion of a city, at a greater rate of speed than ten miles an hour, the plaintiff is deemed to have made out a *prima facie* case by showing the fact that he or she has been injured by said automobile, and that the person running such automobile was, at the time of the injury, running the same at a rate of speed greater than the law permits."

This instruction is in substance in the language of the statute in force at the time of the accident. The Supreme Court in many cases has held that no error is committed by giving an instruction substantially in the language of the statute; that the instruction must be regarded as sufficient when it lays down a rule in the words of the law itself. Ward v. Meredith, 220 Ill. 66, and cases there cited. The instruction would have been more nearly correct, if, instead of saying that plaintiff had made out a *prima facie* case, it had said, a *prima facie* case of negligence of the defendant. Hartje v. Moxley, 235 Ill. 164. Appellee was still left to show that such negligence was the proximate cause of the injury and that he was not guilty of contributory negligence. This instruction did not direct a verdict, and many other instructions informed the jury that in order for appellee to recover, the negligence of appellant must have been the proximate cause of his injury, and that he must have been free from negligence contributing thereto.

Appellant's 31st refused instruction was on the same subject as appellee's 8th, but it stated that if the jury believe from the evidence that appellant, at the time in question, drove his automobile at a prohibited rate of speed, still that

fact makes a *prima facie* case only, and before appellee can re-
cover, he must further prove by a preponderance of the
evidence that such negligence of the defendant was the proxi-
mate cause of the injury, and that the plaintiff was not
guilty of contributory negligence. Appellant's 13th given
instruction told the jury that if they believed from the evi-
dence that on the occasion in question, appellant was running
his automobile at a rate of speed in excess of one mile in
six minutes, the plaintiff was not absolved from exercising
ordinary care and caution; and if they further believed,
from the evidence, that the excessive rate of speed in this
case was not the proximate cause of the injury, but that such
injury was caused by the neglect of the plaintiff to exercise
ordinary care and caution, then they should find for the
defendant, as to such counts as charge the excessive rate of
speed as the negligence complained of. Instruction No.
15 requested by appellant also told the jury that "although
the law presumes that where an automobile is being run
at a rate of speed in excess of that allowed by law and a
person is struck and injured by the automobile, that the
injury is the result of the negligence on the part of the owner
or driver of the same, yet such presumption is not conclusive
and may be rebutted by the evidence; and in this case, if
you believe, from the evidence, that the injury in question
was not caused by reason of the automobile being run at a
rate of speed in excess of one mile in six minutes, but that
it was caused by negligence of the plaintiff, then you are
instructed that the plaintiff cannot recover upon that ground
alone, that the automobile was running at a greater rate of
speed than one mile in six minutes." Appellant's 13th
and 15th given instructions contained all that was proper in
the 31st refused, and supplemented appellee's given in-
struction eight. From a careful reading of the instructions
we are of the opinion that no harmful error was committed
in ruling on the instructions.

Finding no reversible error in the record, the judgment of
the lower court is affirmed.

*Affirmed.*