## MILLSAPS v. BROGDON.

### Opinion delivered February 6, 1911.

1. AUTOMOBILES—RIGHT TO USE OF STREETS.—A pedestrian and the driver of an automobile each have the same right to the use of the streets of a city, and each is bound to the exercise of ordinary care for his own safety and the prevention of injury to others in the use thereof. (Page 472.)

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—The burden of proving negligence in a given case is upon the plaintiff alleging it, and of proving contributory negligence is upon the defendant alleging it as a defense. (Page 472.)

3. NEGLIGENCE—PRESUMPTION FROM INJURY.—Proof that a pedestrian was injured by an automobile while crossing the street raises no presumption of negligence. (Page 472.)

Appeal from Garland Circuit Court; W. H. Evans, Judge; reversed.

*Greaves & Martin,* for appellant.

1. Appellant's request for a peremptory instruction should have been given. Where, as in this case, the undisputed evidence shows that the plaintiff was guilty of contributory negligence, it is the duty of the court to declare that he has no cause of

action. The facts being undisputed, the question of contributory negligence becomes one of law. 76 Ark. 12; 61 Ark. 549; 65 Ark. 235; 69 Ark. 134; 63 Ark. 427; 72 Ark. 572.

2. The giving of instruction No. 11, and refusing instruction No. 6, constituted fatal error. 69 Ark. 449; 71 Ark. 475; 72 Ark. 544; 68 Ark. 288; 77 Ark. 1, 10; 72 Ark. 579.

*James E. Hogue*, for appellee.

KIRBY, J. Appellee brought suit for damages for personal injuries alleged to have been caused by appellant's negligence in running him down with an automobile on the streets of the city of Hot Springs. Appellant denied that he was injured, or that he was struck by appellant's automobile or caused any suffering and damages, and alleged contributory negligence on the part of appellee.

The testimony tended to show that appellee, a beggar upon his crutches, was walking "quartering" or diagonally across Central Avenue in Hot Springs on the day of the injury, and after crossing the street car track in front of a car, which stopped to take on passengers, he stopped within about six feet of the curb on the west side for about a minute, trying to decide whether he should go up or down the street for dinner, it being about 1 o'clock; that he was looking down the street and heard an automobile horn in his rear, and was immediately struck and knocked down; that everything seemed to be clear when he crossed the street; that he did not see the automobile, and heard nothing to indicate its approach until the horn sounded, and he was struck before he could move; that appellant was going down Central Avenue, and was seen 50 or 60 feet away from the place of the injury in his car going about 20 miles an hour, and that he apparently made no effort to stop; that there was not room between the place appellee was standing and the standing car for the automobile to pass without striking one or the other; that appellant had to run in ahead of the car there, the track running so close to the curb at that point.

Appellant testified that he was going south on the avenue to his place of business, the street car to his left going down, and he slowed up before he got to the crossing, saw appellee turn off, having crossed just in front of the car, and was running slowly to give him a chance to get out of the way; that appellee,

was walking across the street and stopped when he got within eight or ten feet of him, too close to stop the automobile, and he turned it aside and tried to pass between him and the car; that he could not have gone further to the left without running into the car; that the injury occurred in a narrow part of the street on a curve; that there was not room to go between appellee and the street car at the time appellee stopped, and the collision with him or the street car could not be avoided.

Appellee was injured by the collision, his hand and head cut and bruised, and he testified that since the injury he has suffered from headache, which he never had before, and that he was unable to lie on his right side; that he worried a great deal over his condition, and was about hopeless as to ever recovering since the injury. There was other testimony as to the extent of his injury, which the doctor to whom appellant sent him for treatment testified was slight and not serious, and for the treatment of which he only charged appellant $4.90.

The evidence showed that appellee had been a cripple for five years; that he was farming when he became ill, and that he had no means of support, and could do no work except to sell shoe strings and pick up bottles and junk for a living.

The court gave several instructions at the request of appellee, including No. 11, as follows:

"The court instructs the jury that if you find that the defendant ran against the plaintiff with his automobile upon the public street, and injured him, a *prima facie* case of negligence against the defendant is thereby established, and in that case the law presumes that the defendant was negligent, and it devolves upon the defendant to prove that he was not negligent; and unless he does so, your verdict should be for the plaintiff, unless you find that the plaintiff was guilty of negligence which contributed to his injury."

The court refused appellant's requested instruction No. 6, as follows:

"The burden of proof is upon the plaintiff in this case to show by a preponderance of the evidence, not only that he was injured by the defendant, but that the defendant was guilty of negligence which caused the injury. Negligence is a fact, and must be proved; and unless the plaintiff has shown

by a preponderance of the evidence that the defendant omitted some duty he owed the plaintiff, and that the plaintiff was thereby injured, your verdict should be for the defendant."

The jury returned a verdict against appellant for $150 damages, and he appealed.

The beggar on his crutches has the same right to the use of the streets of the city as has the rich man in his automoble. Each is bound to the exercise of ordinary care for his own safety and the prevention of injury to others in the use thereof. *Hot Springs Street Rd. Co.* v. *Hildreth,* 72 Ark. 573; *Hannigan* v. *Wright,* 63 Atl. (Del.) 234; *Simeone* v. *Lindsay,* 65 Atl. (Del.) 778.

Negligence and contributory negligence are matters to be proved, and the burden is on the one alleging injury from negligence to establish it, and upon the other alleging immunity because of contributory negligence to establish it, unless it is shown by the plaintiff's testimony. *Hot Springs Street Rd. Co.* v. *Hildreth, supra.*

This case seems to have been tried upon a wrong theory of the law, that a pedestrian, in crossing the street, would be held to the same care in looking and listening for approaching automobiles as would a traveller on a highway crossing a railroad to look out for the approach of trains. There was no presumption of negligence arising from the fact that appellant ran against appellee with his automobile on a public street and injured him, and proof of such fact alone did not create a *prima facie* case of negligence, as the jury were told in said instruction No. 11 given on appellee's part, which was erroneous and prejudicial.

Appellant's requested instruction No. 6, refused, was a correct statement of the law, and should have been given.

Since the case must be reversed for these errors, we have not found it necessary to examine the other instructions with a view to approving or disapproving them. We deem it unnecessary also to discuss the conduct of appellee's attorney in making the statements objected to in the closing argument, for the reason that such statements will probably not be repeated on the trial anew.

For the errors indicated in the judgment is reversed, and the cause remanded for a new trial.