## Lucy R. Jenkins, Appellee, v. S. H. Goodall, Appellant.

1. AUTOMOBILES, § 2*—*precautions required to avoid injuring pedestrian.* Where a large number of people are using a city street, a driver of an automobile is required to keep a proper lookout for persons on or about to cross over the street and to keep his machine under such control as to enable him to avoid collision and to stop if necessary to prevent injury.

2. AUTOMOBILES, § 2*—*when chauffeur is negligent.* A pedestrian in crossing a street used by many people in a city walked briskly to the center of the street and then started to run the rest of the way and was struck by a powerful, swift moving automobile running at least fifteen miles an hour. The driver was thirty-five or forty feet from plaintiff when he sounded his horn, expecting her to stop in the center of the street, and made no effort to

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

check his speed until within four or five feet of her. *Held*, the driver was negligent.

3. Automobiles, § 2*—*what use of street is proper.* The use of a city street by an automobile when operated with due care and caution and not in violation of State and Municipal police regulations is a proper and lawful use.

4. Automobiles, § 3*—*when contributory negligence is for the jury.* Where a pedestrian in crossing a street in a city used by many people looked but saw no danger, walked briskly to the center of the street and then started to run the rest of the way and was struck by an automobile going fifteen miles an hour, that sounded a horn when thirty-five or forty feet away, expecting plaintiff to stop, but no effort was made to check its speed until four or five feet away, a finding of absence of contributory negligence will be sustained.

Appeal from the Circuit Court of Williamson county; the Hon. William W. Clemens, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

W. H. Warder and Denison & Spiller, for appellant; Hartwell & White, of counsel.

Pillow & Stone, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

Lucy R. Jenkins, appellee, hereinafter called plaintiff, obtained a judgment in the Circuit Court of Williamson county against S. H. Goodall, appellant, hereinafter called defendant, for damages for a personal injury she claims to have sustained by being struck by an automobile owned by defendant and being at the time carelessly and negligently driven by defendant's servant. From said judgment defendant prosecutes this appeal.

The injury complained of was received on East Main street, in the city of Marion in Williamson county, on the evening of the "big day" of the County Fair, which was then being held at the fair grounds about three fourths of a mile east of the public square in Marion. It appears there was a crowd of probably twenty

thousand people attending the fair that day and a very large proportion of them passed over Main street in going to and from the fair. Plaintiff and her husband had been to the fair that day and were on their way to their home in Marion when the accident occurred. They had walked on the granitoid sidewalk along the south side of the public road and East Main street to a point where it was necessary for them to cross East Main street in order to reach their home in the usual and most direct manner.

Their home was a few blocks north of Main street and a few blocks east of the public square, and almost directly north of the point referred to. They reached the point referred to between five and six o'clock. East Main street at that time was crowded with people on the sidewalks and vehicles of all sorts in the street, returning to the city from the fair. East Main street was paved with brick at the point where the injury occurred. The distance from the north to the south curb was about twenty-seven feet. Vehicles going west were using the north side of the street and those going east used the south side. The place of the accident was within the city limits of the city of Marion. It appears that defendant owned the automobile which struck plaintiff, and was that day operating it by a servant in carrying passengers to and from the fair grounds for hire. That the automobile was a double seated, thirty horse power machine.

When plaintiff reached the point on the street opposite to her home, as above stated, she attempted to cross the street and in so doing received the injuries complained of. Plaintiff testified that just before she started to cross the street she looked both east and west to see if there was danger; that there seemed to be an opening there. "I saw a carriage drawn by horses on the north side of the street. I saw no automobile, heard no horn or outcry." There is quite a conflict of evidence as to how she proceeded to cross the street, but from the whole evidence it appears she walked briskly to the center of the street and then started

to run the rest of the way, and was struck by defendant's automobile near the north curb.

The young man driving defendant's machine testified plaintiff was near the center of the street and about thirty-five or forty feet west of him when he first saw her, and that she was going in a northwest direction. "There was nothing between me and her to obstruct my view." That he then blew his horn, and then she started to run, and he turned his machine to the right. That when he saw she was going on in front of him he whirled his machine to the left and threw on the emergency brake, and hallooed "Look out!" That he was then about five or six feet from her. "She could have stopped after I blew my horn and let me pass on by. I could stop the machine, when under control, in fifteen or twenty feet. I was running about nine or ten miles an hour. When running at twenty-five miles an hour I can stop in twenty feet by throwing on emergency brake and shutting off the gasoline. That the north side of the front part of his machine struck plaintiff."

The evidence shows that a short distance east of where the machine struck plaintiff the driver was running the machine at the rate of twenty-five miles an hour. One of the parties riding in the machine testified the speedometer showed it to be running at that rate a few blocks east of where plaintiff was injured.

The evidence clearly and conclusively shows the negligence of the defendant. The conduct of the driver of the machine shows such a reckless disregard for others having the right to the use of the street that some kind of an accident was almost inevitable under the conditions and circumstances then surrounding him.

He saw plaintiff in the center of the street attempting to cross. He could have checked his speed and prevented striking her. By sounding the horn he expected her to stop and remain in the center of the street, until he passed. The evidence fairly establishes the rate of speed he was going to be at least fifteen

miles an hour.  And he was thirty-five or forty feet from her when he sounded the horn.  He made no effort to check his speed until he was within five or six feet of her.  Ordinary care certainly required more than that.  He relied on her to exercise all the judgment and care necessary to prevent injury, while he in the management of a powerful, swift moving machine assumed superior rights to the use of the street as against ones attempting to cross it.  He was required under the circumstances to keep a proper lookout for persons on or about to cross over said street and keep his machine under such control as to enable him to avoid collision and if necessary to prevent injury to stop.  *Kessler v. Washburn,* 157 Ill. App. 532; *Johnson v. Coey,* 237 Ill. 88.

The customary or usual and ordinary use of a street is for travel from one point to another, both along and across it.  The use of a street by an automobile when operated with due care and caution and not in violation of State or Municipal police regulations, would be deemed a proper and lawful one.  Under the evidence in this case the machine was not operated with due care and caution, and the evidence tends strongly to prove that it was also operated in violation of the Motor Vehicle Law (J. & A. ¶ 10010) in being driven at a higher rate of speed than the law permits.

It is contended by appellant that plaintiff was guilty of such contributory negligence as in law bars a recovery.

The question of whether plaintiff was in the exercise of due care for her own safety was properly submitted to the jury, along with the other issues in the case, and the jury found against defendant on all issues, and we cannot say after a careful consideration of the evidence that the findings of the jury are unwarranted.  On the whole case we are of the opinion the evidence warranted the verdict and justified the judgment.  Judgment affirmed.

*Affirmed.*