(90 Misc. Rep. 667)

### SCHREIBER v. MATLACK.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. MUNICIPAL CORPORATIONS ⬤⟹706—RECKLESS DRIVING—PRESUMPTION—USE OF AUTOMOBILE BY CHAUFFEUR.

 The fact that the automobile which collided with plaintiff's car belonged to defendant raised a presumption that it was in use for defendant's benefit and on his own account.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 15, 18; Dec. Dig. ⬤⟹706.]

2. MASTER AND SERVANT ⬤⟹332—SCOPE OF EMPLOYMENT OF CHAUFFEUR—QUESTION FOR JURY.

 In an action for injuries to plaintiff's taxicab, in collision with defendant's automobile, question whether defendant's chauffeur was driving in the course of his employment when the collision occurred *held* for the jury under the evidence.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. ⬤⟹332.]

3. MASTER AND SERVANT ⬤⟹332—SCOPE OF EMPLOYMENT OF CHAUFFEUR—INSTRUCTION.

 In an action against defendant for injuries to plaintiff's taxicab, caused in collision with defendant's automobile driven by his chauffeur, where there was evidence pro and con that the use of defendant's car by his chauffeur was in violation of instructions, the court should have charged

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that, although the chauffeur was operating the car with the consent of the defendant, nevertheless verdict should be for the defendant, unless it appeared that the chauffeur was acting within the scope of his authority and engaged upon the business of defendant at the time of the accident, since the defendant was entitled to have the jury instructed as to the precise issue they were called upon to determine and the relation thereto of the subordinate issues of permission, etc., upon which evidence had been adduced.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. ☞332.]

4. MASTER AND SERVANT ☞332—MASTER'S LIABILITY FOR ACT OF CHAUFFEUR—INSTRUCTIONS.

In an action for injuries to plaintiff's taxicab, in collision with defendant's automobile, driven by his chauffeur, the failure of the trial court, after charging that the fact that the automobile was being used by the chauffeur outside his employment was a defense, to instruct that the burden was on the plaintiff to prove affirmatively by a fair preponderance of evidence that the injury was due to defendant's negligence or that of his chauffeur, that the plaintiff was free from contributory negligence, and that the defendant's chauffeur was acting within the scope of his employment, was erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. ☞332.]

Appeal from City Court of New York, Trial Term.

Action by Bernard Schreiber against John C. Matlack. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Blumenthal & Levy, of New York City (Eugene Blumenthal and David Levy, both of New York City, of counsel), for appellant.

Feltenstein & Rosenstein, of New York City (Moses Feltenstein, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought to recover for damages to plaintiff's taxicab through a collision with defendant's automobile operated by defendant's chauffeur, Doro. It was substantially conceded that Doro's operation of the car at the time was negligent, and that plaintiff's chauffeur was free from negligence; the only question really litigated at the trial being the responsibility of the defendant for the act of his chauffeur.

The accident occurred about 2 o'clock in the morning of December 10, 1912. Defendant testified that on the evening of December 9th the automobile was used by his direction to take him to the Hotel Astor, to call for some of his friends, none of them living north of 116th street, and bring them to the hotel, and about midnight to take these friends home and then leave the defendant at his own residence in Ninety-Eighth street; that this was concluded before 1 a. m.; and that Doro's duty was then to return to the garage in Eighty-Seventh street. The accident occurred while defendant's car was running south on St. Nicholas avenue and 124th street. Doro testified that after leaving defendant at his residence he went to 155th street, called for a woman acquaintance, and was driving her on what is com-

monly known as a "joy ride" at the time of the collision. Both defendant and Doro testified directly that the car was so used without the defendant's consent or knowledge, and that it was purely for the personal and private purpose of Doro. They also testified that the car had never theretofore been used by Doro without defendant's permission, and that defendant had forbidden Doro to take out the car without such permission.

Considerable evidence was introduced by the plaintiff for the purpose of contradicting by implication the claim of defendant that the car was being used by Doro without his permission. Some of the evidence to that effect was improperly admitted, because insufficiently connected with the precise occurrence involved in the controversy. A policeman was permitted to testify, over adequate objection and exception, that he overheard a conversation between a lieutenant at the police station and the defendant; but, since the lieutenant himself was not called, the policeman's testimony did not adequately identify the conversation with the one which defendant admitted he had held with a lieutenant. Further evidence was introduced by the plaintiff to the effect that defendant had made offers or entered into some kind of negotiations for the payment to the plaintiff of the whole or part of the damage to his taxicab; this, no doubt, for the purpose of indicating some admission of liability on his part.

[1, 2] On this record, it is plain, notwithstanding the claim of the defendant to the contrary, that an issue existed requiring submission to the jury. In Ferris v. Sterling, 214 N. Y. 249, 253, 108 N. E. 406, 407, the Court of Appeals, by Cardozo, J., quoting Norris v. Kohler, 41 N. Y. 42, 44, says:

"'The property being proved to belong to defendant, * * * a presumption arises that it was in use for his benefit and on his own account.' * * * This presumption was not destroyed, as a matter of law, by the testimony for the defendant. Even though his explanation of the use of the car would absolve him, if credited, the question whether it should be credited was one of fact for the jury. Gulliver v. Blauvelt, 14 App. Div. 523 [43 N. Y. Sup. 935]; Cunningham v. Castle, 127 App. Div. 580 [111 N. Y. Supp. 1057]."

[3] The chief alleged error upon which appellant rests his claim for a reversal of the judgment lies in the refusal of the learned judge below to charge the following request:

"In the event that the jury find that the chauffeur was, at the time of the accident, operating the car with the consent or by the permission of the defendant, its verdict must nevertheless be for the defendant, unless it appears at the time of the accident that the chauffeur was acting within the scope of his authority and engaged upon the business of the defendant."

Apart from some unimportant criticism of the verbiage, respondent concedes that this charge correctly states the law, but urges that it was inapplicable to the case at bar, because the jury could not have found on the evidence that at the time of the accident the chauffeur was using the car on his own account, but with the permission or consent of the defendant, and that therefore the request was practically for a charge on an academic question. In that view, however, I cannot concur. As I have pointed out, both defendant and Doro had testified that defendant had forbidden the use of his car without permission,

and that defendant had not given permission on this occasion. Plaintiff had sought to controvert this testimony indirectly by the proof to which I have hereinabove alluded and by other evidence of the plaintiff himself which I have not cited in detail. Actual forbiddance of the use of the car, and in a less degree, permission to use it, had some probative value on the issue whether at the time the car was being used in the master's service. See Cunningham v. Castle, 127 App. Div. 580, 586, 587, 111 N. Y. Supp. 1057. The subject was undoubtedly present in the minds of the jury, and the defendant was entitled to have them instructed as to the precise issue which they were called upon to determine and the relation thereto of the subordinate issues upon which evidence had been adduced by both sides.

[4] Moreover, in the course of his charge, the learned judge spoke of the claim of the defendant "that the automobile was being used by Doro outside of the scope of his employment and in an enterprise of his own" as a *defense*. He then added:

"But the defense in and of itself is one which is not open to direct contradiction. In other words, it depends usually on a mental attitude, and therefore no person who is injured * * * is able to determine, and therefore in that to contradict the claim or the denial of actual control at the time of injury. The defense is one based entirely upon the credibility of the person who makes it."

Defendant excepted to the use of the word "defense" in this connection, and asked the court to charge:

"That it was incumbent upon the plaintiff to prove affirmatively by a fair preponderance of evidence, first, that the accident was due to the negligence of the defendant or his agents; secondly, that the plaintiff or his agnts were free from contributory negligence; and, thirdly, that the defendant's agent was acting within the scope of his employment."

The court said, "I have already charged that," and after some colloquy added, "Then I will charge it again;" but the record discloses that he did not so charge, and nowhere in the main charge had he explained or even alluded to the burden of proof.

Under the circumstances, therefore, the judgment must be reversed, and new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs. GUY, J., concurs in result.