ELIZABETH MARY VANNETT, Appellant, v. E. H. COLE and Mary Cole, Respondents.

(170 N. W. 663.)

Auto driver — pedestrian about to cross street — in front of auto — duty of auto driver — must give warning of his approach — must endeavor to avoid injury to others.

    1. Under § 2972, Compiled Laws 1913, it is the duty of an auto driver who has observed a pedestrian about to cross a street crossing in front of his automobile, while operating the same upon the public streets of a city, to give warning of his approach by bell or by horn, if thereby injury can be avoided.

---

Note.—Authorities passing on the question of liability of owner where automobile is being operated by member of owner's family are collated in notes in 41 L.R.A. (N.S.) 775; 50 L.R.A.(N.S.) 59; L.R.A.1916F, 223; L.R.A.1917F, 365; and L.R.A. 1918F, 297, where it is said that a husband was held not to be liable for injuries inflicted by his automobile while it was being operated by his wife solely for her own pleasure. There was no presumption that defendant's wife was in his service and engaged in his business, and the principle of *respondeat superior* did not apply.

On applicability of *res ipsa loquitur* to injury by automobile or other vehicle on highway, see note in 32 L.R.A.(N.S.) 1177.

**Respondeat superior — doctrine of — husband, and owner of auto — driven by wife with his full knowledge and consent — purposes of business — family pleasure — negligence.**

    2. Under the doctrine of *respondeat superior* a husband is liable for the negligent operation of an automobile owned by him and driven by his wife, with his full acquiescence and consent for purposes of business or pleasure of the family.

**Personal injuries — damages for — action to recover — defendant's negligence — plaintiff's contributory negligence — questions for jury.**

    3. In an action for personal injuries sustained by collision with an automobile, evidence *held* to require the submission of the question of defendant's negligence and plaintiff's contributory negligence to the jury.

**Plaintiff struck — knocked senseless by collision with auto — res ipsa loquitur — maxim of — does not apply.**

    4. Where the plaintiff in an action for injuries is struck and knocked down senseless by collision with an automobile, *held* under the evidence, the maxim raised, *res ipsa loquitur*, does not apply.

Appeal from District Court of Cass County, *A. T. Cole*, J. Action to recover damage for personal injuries.

From a verdict directed and judgment entered for the defendant, plaintiff appeals.

Reversed and new trial granted.

*Smith Stimmel*, for appellant.

Negligence is sometimes defined to consist of failure to exercise that degree of care demanded by the circumstances,—a failure to observe a legal duty. 20 R. C. L. p. 9.

Where a statute or municipal ordinance imposes upon a person a duty designed for the protection of others, if he neglects to perform the duty he is liable to those for whose protection it was imposed for any damages resulting proximately from such neglect and of the character which the statute or ordinance was designed to prevent. Osborne v. McMasters, 41 N. W. 543.

"In judging of negligence all the circumstances are to be taken into account, and among other things the age and sex of the person injured so far as these are important." Michigan C. R. Co. v. Hasseneyer, 12 N. W. 155.

"A pedestrian in passing over a street crossing is not required to look both ways, and listen for approaching automobiles, but is bound

only to exercise such reasonable care as the case demands, for he has a right to assume that a driver of a motor car will also exercise due care in approaching the crossing with his car under proper control." Baker v. Close, 2 N. C. C. A. 289.

The failure of a pedestrian to look both ways for approaching automobiles before crossing a public street is not, as a matter of law, such negligence as will bar a recovery by him for injuries in consequence of being struck by an automobile. Lynch v. Fisk Rubber Co. 2 N. C. C. A. 298.

To establish negligence, direct and positive evidence is not necessary. Circumstantial evidence alone may authorize a finding of negligence. Plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on defendant's part, and of resulting injury to himself.

Having done this, he is entitled to recover, unless defendant rebuts this presumption by competent evidence. 20 R. C. L. 180; Rosenfield v. Arrol, 46 N. W. 768.

One producing a witness, and who is surprised by the testimony given, is not bound to accept such testimony as correct, but may establish the truth of material facts by other competent evidence, even though it tends to contradict the testimony of the other witness. Snell v. Gregory, 37 Mich. 500.

Contributory negligence must operate as a proximate cause of the injury or as one of the proximate causes, and not merely as a condition. Smithwick v. Hall & U. Co. 12 L.R.A. 279; Lindvall v. Wood, 44 Fed. 855.

Defendant could have easily stopped the car and prevented injury, and because of failure to do so he is liable for injuries sustained and damages resulting. Carpenter v. Campbell Auto Co. 4 N. C. C. A. 1, 21, 22; Babbit, Motor Vehicles, 964; Tuttle v. Briscoe Mfg. Co. 12 N. C. C. A. 909, 921.

Negligence cases in which a nonsuit may be allowed are exceptional. The issue or issues of negligence and contributory negligence are as a rule for the jury.

Such issues in this case were for the jury, and, because of the direction of a verdict by the court, error was committed which requires a reversal in this court. State v. Lauer, 20 L.R.A. 61; 20 R. C. L. pp.

136, 141, 166, 169, 199, ¶¶ 141, 164; Texas P. R. Co. v. Carlin, 60 L.R.A. 462; Hair v. Chicago, B. & G. R. Co. 121 N. W. 439; Brugge-man v. Illinois C. R. Co. 123 N. W. 1007; Pickett v. Wilmington & W. R. Co. 30 L.R.A. 257; Grand Trunk R. Co. v. Ives, 144 U. S. 408; Bogan v. Carolina C. R. Co. 55 L.R.A. 418; Huber v. LaCrosse City R. Co. 66 N. W. 798; Smithwick v. Hall & U. Co. 12 L.R.A. 279.

*Lawrence & Murphy,* for respondents.

It was the duty of plaintiff, when she saw the approaching auto-mobile 25 feet away and had ample opportunity to avoid accident, to have observed where she was going, and in walking into the street in front of an approaching automobile, without using her eyes and mak-ing some attempt to avoid collision, she deliberately placed herself in a position of danger and was guilty of contributory negligence which prevents recovery. McCormick v. Hesser, 77 N. J. L. 173, 71 Atl. 55; Tolmie v. Woodward Taxicab Co. 178 Mich. 426, 144 N. W. 855.

The fact that defendant's car was driven in violation of the ordi-nance, and even though such violation was negligence as a matter of law, yet defendant is not precluded of the defense of contributory neg-ligence. Davis v. John Bruener Co. 167 Cal. 683, 140 Pac. 586; 2 Bailey, p. 1462.

The rule requiring plaintiff to act at once when in the presence of great danger, and holding that he is not guilty of contributory negli-gence, as a matter of law, merely because he did not choose the best means of escape, only applies where the plaintiff is brought in the pres-ence of immediate danger by and through the negligence and want of care of the defendant or others, and not where he is brought into such position by his own contributory negligence. 2 Bailey, p. 1462; Wilkins v. New York Transp. Co. 52 Misc. 167, 101 N. Y. Supp. 650; Seaman v. Mott, 127 App. Div. 18, 110 N. Y. Supp. 1040; 1 Shearm. & Redf. Neg. pp. 113–116.

Where there are two moving causes for injury,—one on part of plain-tiff and one on part of defendant,—the burden is upon plaintiff to make it appear that it was more probable that the injury resulted from the cause for which defendant was responsible. Meehan v. Great Northern R. Co. 13 N. D. 432, 101 N. W. 183.

Where there is doubt as to how an injury occurred, it will be pre-sumed accidental, rather than that it was the result of an illegal act.

Stevens v. Cont. Cas. Co. 12 N. D. 463, 97 N. W. 862; Balding v. Andrews, 12 N. D. 267, 96 N. W. 305.

The court has no right to allow a jury to speculate or to act upon mere surmise or conjecture.  5 N. & C. C. C. 516–518; 164 N. W. 1030; 1 Shearm. & Redf. Neg. §§ 56, 58.

Facts must be established from which it can clearly be inferred that the defendant's negligence was the proximate cause of the injury.

Bronson, J.  This is an action to recover damages for personal injuries.  On November 15, 1915, about midday, the plaintiff, a woman of seventy-one years, was struck and knocked down senseless by the automobile of the defendant, E. H. Cole, then being operated by his wife.

At the time the plaintiff was walking south upon the sidewalk along the easterly side of Broadway avenue, between the Great Northern tracks and the Viking hotel in the city of Fargo; Mrs. Cole was driving the automobile westward along the street that intersects Broadway avenue and extends up and beyond the Great Northern depot.  As the plaintiff proceeded upon the cross walk at the intersection of such street and avenue, she was hit by such automobile then running at a speed not to exceed 4 or 5 miles per hour, and which theretofore, 60 feet of such crossing, was not exceeding a speed of 10 miles per hour; there was a clear, unobstructed view from such cross walk to the east along such street.

At the close of plaintiff's case the trial court granted a motion of the defendants for a directed verdict based upon absence of proof of defendant's negligence and upon the proof of plaintiff's contributory negligence and, from the judgment entered thereupon, the plaintiff prosecutes this appeal.

Plaintiff assigns as error the direction of such verdict, and other errors of law during the trial.

The record is short; the evidence meager.  There is no evidence of any actionable negligence in the operation of such automobile at the time, contrary to the provisions of the speed ordinance of the city of Fargo, or at an excessive rate of speed.

The only serious question raised by this record is whether the defendant Mrs. Cole, after observing the position of the plaintiff on the

cross walk, owed a duty to her, in the exercise of ordinary care to avoid injury, to give warning by sounding the horn or ringing the bell, required by statute to be on such automobile; and whether the record discloses any issues of fact for submission to the jury, concerning the breach of such duty.

The evidence concerning this matter is to the effect that Milligan, a police officer of Fargo, was standing in front of the Great Northern Hotel, which is directly opposite from the place of the accident; that this is a busy part of the city, much traveled; that he was looking right at the car and saw the plaintiff; that he first saw Mrs. Cole, the driver of the car, about 60 feet east of the crossing, not exceeding a speed of 10 miles per hour; that she slowed down as she approached the crossing, and when she was about 20 feet therefrom the plaintiff started across; that the plaintiff saw the car and stepped back toward the railroad tracks; that then the automobile was going about 4 or 5 miles per hour. That the driver apparently saw Mrs. Vannett and then started ahead; that "Mrs. Vannett started across in front of the car, but when just about in front of it she stopped again, and the car hit her."

The plaintiff testified that she was walking very slowly on this cross walk and did not see or hear any auto, except that she saw one auto standing about 3 feet to her left.

The police officer further testified that he did not hear any ringing of any bell or blowing of any horn. Another witness testified that she saw the plaintiff walking very slowly and just ready to cross when the automobile hit her, and that the automobile came from toward the depot toward Broadway, and that it was not going awfully fast.

By statutory provision every automobile shall be provided with a bell or horn. Comp. Laws 1913, § 2972. This statute further provides that such bell or horn shall be rung or blown by the driver when operating outside of a city or village when approaching from behind a vehicle propelled by animals. Such provision, however, does not mean to imply that when an automobile is being operated within a city or village, upon the highways therein, that a horn or bell is a useless appendage, and that no duty in any case devolves upon the operator to use the same. Forgy v. Rutledge, 167 Ky. 182, 189, 180 S. W. 90.

"We can imagine no use to which a bell, horn, or other signal device attached to an automobile could be put, except to give suitable signals

of the approach of the machine where such signals would be necessary for the safety of persons traveling upon the highway, and manifestly the necessity for their use on the streets of a city or town is greater than in the country. The necessity for their use is implied from the provision requiring motor vehicles to be supplied with them. This proposition is too plain for argument." Ibid.

In Gifford v. Jennings, 190 Mass. 54, 76 N. E. 233, the defendant came up from behind the plaintiff without blowing his horn. It was held that this made a proper case for the jury upon which they were warranted in finding that the defendant was negligent in not sounding his horn.

It is plainly the duty, therefore, of every automobile owner to make use of the horn or bell required by statute whenever under the circumstances, in the exercise of ordinary care, injury can be avoided to pedestrians, upon the streets or highways of the city by a timely warning given.

The operator of an automobile is not necessarily exempt from liability for injuries occasioned, in a public street of a city, by simply showing that, at the time, such automobile was not exceeding the limit of speed permitted by ordinance or law; there is still the duty imposed on such driver to anticipate that he may meet pedestrians on the public highways, who have a lawful right there to be, and for them he must keep a proper lookout, using his ordinary senses and instrumentalities then possessed, so as to avoid injuries to them. Hennessey v. Taylor, 189 Mass. 583, 3 L.R.A.(N.S.) 345, 76 N. E. 224, 4 Ann. Cas. 396, 19 Am. Neg. Rep. 285; Kathmeyer v. Mehl, — N. J. L. —, 60 Atl. 40, 17 Am. Neg. Cas. 688; Kessler v. Washburn, 157 Ill. App. 532; Ouellette v. Superior Motor Works, 157 Wis. 531, 52 L.R.A. (N.S.) 299, 147 N. W. 1014, 6 N. C. C. A. 357; Schnabel v. Kafer, 39 S. D. 70, 162 N. W. 935.

The record presents a close question as to the existence of any evidence to raise an issue of fact concerning this duty of the automobile driver. However, the question of negligence becomes one of law, authorizing its withdrawal from the jury only when but one conclusion can be drawn from the undisputed facts; primarily and generally the question is one of fact for the jury. The law can only define the duty of individuals, under given circumstances. The existence of such cir-

cumstances is a question of fact for the jury. Pyke v. Jamestown, 15 N. D. 157, 168, 107 N. W. 359; Heckman v. Evenson, 7 N. D. 173, 182, 73 N. W. 427; Solberg v. Schlosser, 20 N. D. 307, 316, 30 L.R.A. (N.S.) 1111, 127 N. W. 91; McGregor v. Great Northern R. Co. 31 N. D. 471, 482, 154 N. W. 261, Ann. Cas. 1917E, 141.

In the record the evidence is in dispute as to whether the plaintiff saw the automobile of the defendants. If the jury found that the plaintiff did not see such car, then there arose a specific issue of fact whether the driver of the car under the circumstances failed to exercise due care by not giving a warning through the bell or the horn required, which might have avoided the injury; this was a question for the jury.

The court is also of the opinion that the question of whether the plaintiff was guilty of contributory negligence upon the record was fairly one of consideration for the jury. McGregor v. Great Northern R. Co. supra; Felton v. Midland Continental R. Co. 32 N. D. 223, 234, 155 N. W. 23; Hennessey v. Taylor, 189 Mass. 583, 3 L.R.A. (N.S.) 345, 76 N. E. 224, 4 Ann. Cas. 396, 19 Am. Neg. Rep. 285; Kathmeyer v. Mehl, — N. J. L. —, 60 Atl. 40, 17 Am. Neg. Cas. 688; Kessler v. Washburn, 157 Ill. App. 532; Spina v. New York Transp. Co. 96 N. Y. Supp. 270; Millsaps v. Brogdon, 97 Ark. 469, 32 L.R.A. (N.S.) 1177, 134 S. W. 632.

The appellant also seeks to charge the defendant E. H. Cole with liability on the ground that he was the owner of the automobile at the time, and gave full consent to his wife to use it. There is evidence in the record that said E. H. Cole was the owner of such automobile and that his wife had permission to use the same whenever she so desired, and that if she was using it on November 15, 1916, it was with his consent.

This presented sufficient issuable facts for submission to the jury upon which the defendant E. H. Cole might be charged with liability under the doctrine of *respondeat superior*. Daily v. Maxwell, 152 Mo. App. 415, 133 S. W. 351; Kayser v. Van Nest, 125 Minn. 277, 51 L.R.A.(N.S.) 970, 146 N. W. 1091; Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161; Campbell v. Arnold, 219 Mass. 160, 106 N. E. 599; Guignon v. Campbell, 80 Wash. 543, 141 Pac. 1031; Birch v. Abercrombie, 74 Wash. 486, 50 L.R.A.(N.S.) 59, 133 Pac. 1020; Norris v. Kohler, 41 N. Y. 42, 1 Am. Neg. Cas.

324; Schreiber v. Matlack, 90 Misc. 667, 154 N. Y. Supp. 109; Mc-Harg v. Adt, 163 App. Div. 782, 149 N. Y. Supp. 244; Berry, Automobiles, 2d ed. §§ 673, 677, 678. See Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; McNeal v. McKain, 33 Okla. 449, 41 L.R.A.(N.S.) 775, 126 Pac. 742. See note in 41 L.R.A.(N.S.) 775.

The appellant contends for the application of the doctrine of *res ipsa loquitur* upon which to predicate negligence of the defendants, based upon the manner in which the appellant was injured and the force with which she was knocked down by such automobile. The record discloses no evidence upon which this doctrine may be applied, for upon the record there is no presumption of negligence on the part of the driver arising from the mere fact that the appellant was run down and injured on a public street. Millsaps v. Brodgon, 97 Ark. 469, 32 L.R.A.(N.S.) 1177, 134 S. W. 632. See note in 32 L.R.A.(N.S.) 1177.

In view of the error of the trial court in directing verdict it is unnecessary to consider the other errors complained of.

The judgment of the trial court is reversed and a new trial ordered.

GRACE, J. I concur in the result.

CHRISTIANSON, Ch. J. I dissent. I believe the judgment should be affirmed.

BIRDZELL, J. (concurring specially). I concur in the result and in the reasons assigned therefor in the opinion of Mr. Justice Bronson. I express no opinion, however, upon the question of the liability of the defendant E. H. Cole, under the doctrine of *respondeat superior*. As I view the case, this question is not before the court for decision at this time.